UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEWEL E. DYER,

    Petitioner,

    v.

TIMOTHY PEARCE,

    Respondent.

Case No. 24-cv-01405-RS (PR)

**ORDER OF DISMISSAL**

### INTRODUCTION

This federal habeas petition, which was filed by a pretrial state detainee, is DISMISSED on grounds of abstention and for failure to state a claim for habeas relief. Petitioner's motion for a preliminary injunction is DENIED and his motion to proceed in forma pauperis is GRANTED.

### STANDARD OF REVIEW

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

## BACKGROUND

According to the petition, petitioner is a "pretrial detainee currently awaiting trial at Mendocino County Jail." (Pet., Dkt. No. 1 at 10.) He (i) asks for release owing to speedy trial concerns and other acts of malfeasance by court officers and employees; and (ii) raises complaints about the law library. (*Id.* at 12-15.)

## DISCUSSION

Claim (i) is DISMISSED on abstention grounds. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances (such as bad faith or harassment). *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Nor should a federal court interfere in state civil proceedings that "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). In sum, *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all the elements of *Younger* are present. As to the first *Younger* element, the record demonstrates that petitioner's state court

proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason petitioner cannot pursue his constitutional claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. Thus, *Younger* abstention is applicable here.

In claim (ii), petitioner contends the law library is inadequate, which is a challenge to the conditions, not the legality, of his confinement. Therefore, if petitioner prevails on this claim it will not affect the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-892 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $402 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to

the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $402 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases. In view of these potential pitfalls for petitioner if the Court were to construe the petition as a civil rights complaint, the second claim will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above. The claim regarding the law library is DISMISSED.

## CONCLUSION

The petition is DISMISSED. Petitioner's motion for a preliminary injunction is DENIED. (Dkt. No. 7.) His motion to proceed in forma pauperis is GRANTED. (Dkt. No. 8.) The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 27, 2024

_____
RICHARD SEEBORG
Chief United States District Judge